The Honorable Franc Flotron Senator, District 7 State Capitol Building, Room 427 Jefferson City, Missouri 65101
Dear Senator Flotron:
This opinion is in response to your questions asking:
 1. As used in Section 610.021(3) and (13), RSMo, does the term "employee" include the following:
 (a) Elected Municipal Officials who are paid? (b) Elected Municipal Officials who are not paid? (c) Appointed Municipal Officials who are paid? (d) Appointed Municipal Officials who are not paid?
 2. As used in Section 610.021(13), RSMo, does the term "personnel" include the following:
 (a) Elected Municipal Officials who are paid? (b) Elected Municipal Officials who are not paid? (c) Appointed Municipal Officials who are paid? (d) Appointed Municipal Officials who are not paid?
We presume that (1) when you use the phrase "elected municipal officials" in your questions, you are referring to the elected mayor and elected city council members; (2) when you use the phrase "appointed municipal officials who are paid," you are referring to officials such as the city clerk and city finance director who are appointed by the mayor and/or city council in the charter city about which you are concerned; and (3) when you use the phrase "appointed municipal officials who are not paid," you are referring to members of committees and citizen boards who are appointed by the mayor and/or city council.
Section 610.021, RSMo Supp. 1991, provides in pertinent part:
 610.021. Closed meetings and records authorized, when — exceptions, parents and guardians to certain scholastic records and public access to certain personnel records. — Except to the extent disclosure is otherwise required by law, a public governmental body is authorized to close meetings, records and votes, to the extent they relate to the following:
* * *
 (3) Hiring, firing, disciplining or promoting an employee of a public governmental body. However, any vote on a final decision, when taken by a public governmental body, to hire, fire, promote or discipline an employee of a public governmental body must be made available to the public within seventy-two hours of the close of the meeting where such action occurs; provided, however, that any employee so affected shall be entitled to prompt notice before such decision is made available to the public;
* * *
 (13) Individually identifiable personnel records, performance ratings or records pertaining to employees or applicants for employment, except that this exemption shall not apply to the names, positions, salaries and lengths of service of officers and employees of public agencies once they are employed as such; [Emphasis added.]
* * *
In Attorney General Opinion No. 184-89, a copy of which is enclosed, this office concluded Section 610.021(3), RSMo, does not authorize the governing body of a city to close a meeting when considering appointments of volunteers to citizen boards. In that opinion this office interpreted the word "employee" in Section 610.021(3), RSMo, noting the amendment from a previous similar exception using the word "personnel." We stated:
 In interpreting the earlier language [personnel], this office observed in Attorney General Opinion No. 155, Marshall, 1975, a copy of which is enclosed, that "the `plain and ordinary meaning' of the word `personnel' is rather broad." The opinion concluded "that the word `personnel' as used in the context of § 610.025(4) [RSMo Supp. 1973] refers to officers or employees of a public governmental body who are hired or appointed by, and who are subject to removal by, such governmental body."
 However, subsequent interpretations, in addition to the statutory amendment, have narrowed the scope of this exception. In Hawkins v. City of Fayette, 604 S.W.2d 716
(Mo.App. 1980), the Missouri Court of Appeals found a violation of Chapter 610 when a city council meeting was closed to discuss the mayor's salary. The court made a distinction between "general employees" and the mayor, "who was the elected presiding executive officer of the city." Id., 604 S.W.2d at 723. . . .
* * *
 The 1987 amendment, by expressly stating the public policy of openness and changing the word "personnel" to "employee," has narrowed the scope of the exception allowing a meeting, record or vote to be closed to the extent it relates to "hiring, firing, disciplining or promoting." A volunteer to a citizen board is not an employee of the public governmental body. Section 610.021(3), does not authorize a public governmental body to close a meeting when considering appointments of volunteers to citizen boards, because such an appointment is not within the specific exception for "hiring, firing, disciplining or promoting an employee of a public governmental body."
* * *
Attorney General Opinion No. 184-89 at pages 2-3.
Attorney General Opinion No. 184-89 and the discussion therein appears to resolve your first question. The elected mayor and elected city council members, whether paid or not paid, are not "employees" of the city. The city clerk and finance director, who are appointed by the mayor and/or city council and are paid, are "employees." The members of committees and citizen boards, who are appointed by the mayor and/or city council and are not paid, are not "employees."
Your second question concerns the term "personnel" as used in Section 610.021(13). We note that the word "personnel" appears one time in Section 610.021(13), in a reference to "[i]ndividually identifiable personnel records." [Emphasis added.] In this context, "personnel" is an adjective modifying "records" which "records" pertain to employees or applicants for employment. The exemption set forth in Section 610.021(13) only relates to the individually identifiable personnel records pertaining to employees or applicants for employment. Therefore, the analysis of who is an employee set forth in answer to your first question is equally applicable in determining to whom the exemption provided by Section610.021(13) applies.
CONCLUSION
It is the opinion of this office that for purposes of Section 610.021(3) and (13), RSMo Supp. 1991, (1) the elected mayor and elected city council members, whether paid or not paid, are not employees of the city; (2) the city clerk and finance director, who are appointed by the mayor and/or city council and are paid, are employees; and (3) the members of committees and citizen boards, who are appointed by the mayor and/or city council and are not paid, are not employees.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 184-89 Opinion No. 155, Marshall, 1975